Good morning. May it please the Court, Stephen Fleischman, Horvitz and Levy for Petitioners Ann and John Kirkland. I'd like to reserve five minutes for rebuttal. I'd also like to start with the merits and then address why mandamus is appropriate. You're going to watch your time, right? Yes. I didn't say that at the outset, but you guys are responsible for monitoring your time. Yes. The subpoena power of federal district courts in civil cases has always been limited geographically, unlike its criminal counterpart. As the Supreme Court has made clear, the beginning place for any issue of statutory interpretation is the plain language of the statute, or in this case, the rule of civil procedure. Here's the crux of the matter. After being given an opportunity by the motions panel to issue a further order, the bankruptcy court did so, stating in part that it has compelled the Kirklands to appear by remote video transmission, quote, notwithstanding the fact that the Kirklands would be outside the geographical restrictions of Civil Rule 45 if they were ordered to testify at trial in person. So the bankruptcy court acknowledges that these subpoenas are invalid if they compel personal attendance. The fundamental problem with the bankruptcy court's order is that it creates two standards for trial subpoenas, one for personal appearance and one for remote testimony, when absolutely nothing in the plain language of Rule 45 or the advisory committee comments supports that conclusion. Well, counsel, I want to jump in there because I've spent a lot of time reading through the advisory comments for both 45 and 43, and at various points in the amendment history of 45, it confirms that the geographical limitation is all about concern of the burden of travel. So if you're going to have somebody testify who has no burden of travel, why shouldn't we have a different rule? Your Honor, the burden of travel certainly is a concern, but I wouldn't say it's the only concern. Okay? For example, in this case, if the Kirklands are compelled to testify, they're going to need to prepare with counsel. The other side has designated 500 exhibits to be used at trial, and I spoke with trial counsel, and he says he's going to need two days to prepare each of them to testify at trial. So there's a tremendous burden aside from travel. I don't dispute that, but I'm struggling a little bit with what does Rule 45 have to say about those issues? Why would a geographical limitation have any impact on that? You're going to have that burden whether you live 10 miles from the courthouse or 100 miles or 1,000 miles. True, Your Honor, but Rule 45 has always had a geographical limitation, and the burden on a person traveling is only one aspect of that rule. It would be very easy for the advisory committee to adopt the federal rule and say anyone anywhere in the nation is subject to subpoena power. That's never been the case. What do we make of the fact that Mr. Kirkland was able to participate in a prior trial in California before a part of it was carved away to the bankruptcy court, and apparently he wasn't burdened in being able to participate in that trial? Your Honor, my clients have had the burden of coming to California twice, first for the depositions, the second time for trial. We think two times is enough. We shouldn't be compelled a third time, whether in person or remote, and Judge Robles has given us the option to appear in person if we choose. But the answer to your question is less prejudice to the opposing party, because they've had the opportunity to take testimony from both Kirklands under oath twice already in this case. And those prior times when your clients came to California, they did so of their own choice, or were they forced? Your Honor, the deposition was done so pursuant to an agreement that resolved the litany of discovery disputes. At trial, they appeared so voluntarily. And by the way, our view is, when we were here in Los Angeles for that jury trial, we wanted the district court to resolve the remaining cause of action. The Kirklands were here, everything could have been done. The other side insisted on the one remaining cause of action being sent to the bankruptcy court. They prevailed on that over our objection, but had it been done, the Kirklands were here, this case would have been over years ago. They insisted on it going back to the bankruptcy court, knowing the Kirklands lived in the Virgin Islands and would not necessarily be available for trial under the subpoena powers. So my primary concern in this case is about the extraordinary relief you're seeking. And tell me why this should be resolved by this court rather than by other courts, either through an interlocutory appeal to the district court or BAP, or through post-judgment appeal. Why is this the extraordinary circumstance that should require us to resolve this issue now? Well, we asked the bankruptcy court for interlocutory appeal either to this court or to the district court, and that was denied. But you didn't move the district court itself for interlocutory review, did you? Your Honor, it would be very odd to move in the district court for an interlocutory appeal to this court of a case not pending in the district court, but pending in the bankruptcy court. Odd doesn't mean that you don't have an adequate alternative path. Well, Your Honor, exhaustion of all potential remedies has never been required for this court to exercise mandamus. We moved for interlocutory appeal in the bankruptcy court, which is where this case is pending, and it was denied. At that point, we had a very difficult choice to make whether to come straight to this court or try to do something in the district court. We chose to come to this court in part based on a Second Circuit case where the Second Circuit issued mandamus relief directly to a bankruptcy court. We've since found cases that say the U.S. Supreme Court can issue mandamus relief directly to a district court, bypassing the circuit court, and this court has issued mandamus relief directly to magistrate judges, bypassing district courts. So there is no requirement that you must exhaust every level below. On the merits, we think this is the absolutely quintessential, perfect case for supervisory mandamus. There's a clear split of authority among the trial courts. There's no precedent in this circuit. There's no precedent among any circuit. It involves an issue... See, I don't know that the clear split of authority in the district courts helps you because one of the standards that we have to consider in accepting mandamus is whether there's been clear error by the bankruptcy court. You may have very good arguments in your favor that Rule 45 is the way that you say it is, but there's apparently a difference of opinion, which gets back to my earlier question. Why doesn't it make sense for another court to resolve it in the first instance before it gets to us? No, Your Honor, because first of all, the clear error standard only applies under the mandamus. For supervisory mandamus, all that's required is ordinary error. But if you look at the Bauman factors, factors four and five, is this an oft-repeated error, which we contend that it is? Does it involve the federal rules? It does. And does the order raise new and important problems or issues of first impression? We qualify all of those, and I would say yes, we qualify under the clear error standard because Rule 45 does have a geographical limitation and the bankruptcy court has just wiped that away because of COVID, because of Zoom. Getting back to the court's question about the merits, while yes, burden is part of it, let's keep in mind Rule 45C has to be read in connection with the rest of the federal rules and the rest of Rule 45. Rule 45 requires that a motion to quash be granted if it violates the geographical limitations in 45C. That presupposes that there are geographical limitations. Under the bankruptcy court's ruling, there are no geographical limitations because virtually every American lives within 100 miles of internet access. So you've just written out of Rule 45 that provision. The lack of burden relates to another question I have, and that is, why not resolve this through a post-judgment appeal? So even if your client's rights are violated by having to testify remotely, and then it gets to an appeal stage, wouldn't those rights be vindicated at that point on direct appeal? Why have anyone address this now? Because, Your Honor, there's no adequate appellate remedy for John Kirkland, who's a non-party. He is a non-party being compelled to give testimony a third time. If we came back to this court on an appeal, you would look at me and you would say, why isn't this moot? He's already given his testimony. While this court is powerful, this court doesn't have a time machine, to my knowledge. You can't go back in time and give John Kirkland back the two days he had to prep and the day or two he had to testify. It would be absolutely moot as to John Kirkland. But as to Ms. Kirkland, I suppose it wouldn't be. I'm sorry? As to Ms. Kirkland, who's a party, then it... Potentially as to Mrs. Kirkland, but there's one thing that's very clear in the advisory committee comments, is parties and non-parties are now treated the same. There was a split of authority that was resolved that parties could be compelled more than 100 miles, and they changed that to make it clear that that applies to parties and non-parties equally. I'm not sure I'm following why it would be moot as to him, but not as to her, because of her status as a party. Is that because... I think it's because if you did this on a direct appeal and a court agreed with you that the subpoena should not have been issued and they should have not been compelled to testify, the remedy would be a new trial? Not as to John Kirkland. He's no longer a party. But that's your distinction, right? That's why it's moot as to him, but not as to her, is because she could get a new trial as a party. In theory, she could get a new trial, or you'd have to quash the subpoena and review the appeal. But nonetheless, she, like he, would have at that point already incurred the expense and the time to be the witness in the trial that will now have to be redone, right? Yes. She's suffered the same harm that he has in having to go forward. Correct. But as to John, there's absolutely no post-judgment remedy available because it would be considered moot. Except that he wouldn't have to testify in a new trial. If there were a new trial, perhaps. But, you know, that would depend... So you can't get back the time and expense that he spent testifying as a witness when he shouldn't have testified, but on post-judgment appeal, if you're correct, he wouldn't have to testify in a new trial again. In that scenario, that would be correct, but he still would not have an adequate remedy because he wouldn't get his three or four days of his life back from the first trial. I want to ask you a statutory language question. Yes. Reading all these district courts that are doing various things, I have broken these up into sort of loosely what I'm calling sort of the place of proceeding theory and the place of compliance theory. What in the language of Rule 45 tells us definitively which theory is right? Your Honor, I think the key word is attend a trial. You attend a Dodger game, you attend a concert, you attend the ballet, you do all those things in person. Reading that naturally, that means you're attending a trial in person and the subpoena can issue to you if you're within 100 miles of the courthouse. I've been able to attend conferences remotely. Yes. I think the word attend isn't as clear cut as you make it out to be, especially in a post-COVID and post-COVID landscape. You can attend many things not being physically there, can't you? Yes, and we've seen it today, but most people, as your question indicates, would modify attend with remote or by Zoom. That's not in Rule 45. Neither is attend physically. Well, if you look at the rest of A, we've focused on within 100 miles of where the person is. That's business in person. The regularly transacts business in person shows that the rule's concerned with physical presence. That's certainly how the rule has always been understood until about two years ago. If you go back and look at the original version adopted in 1937, it referred to compelling attendance. To go back to the Dodger game when they announced the attendance, that's the number of people in the seats not at home streaming the game. May I reserve the rest of my time? Thank you. Mr. Weber. Good morning, Your Honors, and may it please the Court, Corey Weber on behalf of Real Party and Interest, Jason Rahn, Chapter 7 trustee. I'd like to start with how we got here on this petition for writ of mandamus. One of the representations that were made by the Kirkland's in their petition is something that Your Honors noted in regards to exhaustion of remedies. In the reply brief, the Kirkland's shift and say there's no requirement whatsoever to exhaust legal remedies. But on the petition, and I'm looking at docket number 1-2 at page 11 of 679 or page 3 at the bottom of the page, it says, and they have pursued all legal remedies short of filing this petition. But that was inaccurate because the Kirkland's did not move the district court for leave to file an interlocutory appeal. Instead, they came directly here and filed a petition for writ of mandamus. And now on the reply brief, they don't contend any longer that they've exhausted all legal remedies. In fact, they say the opposite. They said they could have done that, but instead they came directly here. Well, my understanding about what we make of exhaustion and available remedies is it's one of the Bauman factors. And our case law clearly establishes that Bauman is not a mechanical test. You could grant mandamus review with one factor only being present. You could decline to grant mandamus review even if all factors are present. It's a balancing of the whole situation. So even if we agree with you that they could have tried another thing before coming straight to us, that's not determinative, right? I agree, Your Honor. It's not. It's not a mechanical test. But the Kirkland's also don't meet the other factors, except that this is an issue of first impression in the circuit. Agree with that. But they haven't met the other factors. If we agree with their reading of Rule 45, wouldn't they meet Factor 3? They would meet the... If you agree with their interpretation of Rule 45, they'd have shown that they'd meet that one factor. Yes, Your Honor. But what they haven't proved is that Rule 45, the advisory committee notes when it was amended... Wait. Can I... I'm sorry to interrupt. Let me just follow up. So the third factor is clearly erroneous. Even if we believe that Rule 45 is what the Kirkland's say it is, is that enough to say that the bankruptcy court was clearly erroneous in its determination of this novel question? No, Your Honor. And, Your Honor, I switched the order of the factors, and I apologize in response to Judge Forrest's question. It wouldn't show the clearly erroneous. In fact, there is a portion of the reply brief where the Kirkland's say that the language of Rule 45 is clear, except for that one portion that's referred to here. And they say they use language like an otherwise clear statute. So I don't think that based on what they've stated in their reply brief that they could say that it's clearly erroneous, because they say otherwise clear statute. So no, it would be a factor that would show that their interpretation is correct, but it wouldn't show clear error. And I don't... I guess I'm not understanding that, because our case law says that you have clear error if there's on point Ninth Circuit precedent in existence, or if the position taken below is contrary to the plain language of whatever controlling legal text. So if we conclude that the plain language of Rule 45 is that you can't have a subpoena for somebody who is more than 100 miles physically from the place of the trial, then how do we not have clear error? So I don't think you can get to that point, Your Honor. And the reason why is because the advisory committee notes to the 2013 amendments to Rule 45 specifically state that when an order under Rule 43A authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45C1, which includes for the Kirkland's, either a place within 100 miles of their home, or a place of work, or within the state they reside, depending on party, non-party status. And of course, that depends on us accepting the idea that the place of the trial either can be moved around to wherever the participant is, or that that's not what we mean. We mean place of participation or compliance. And Your Honor, are you referring to Rule 43A in regards to that question? No, I'm referring to 45. So in regards to Rule 45, the advisory committee notes state that if there, only if there's a Rule 43A finding, so requiring three different things, the court, the federal court must find good cause, compelling circumstances, and with appropriate safeguards, which is the case here. Only in that circumstance, when those three findings have been made, can the court then order compliance commanding, the word command, according to the advisory committee notes, in a place pursuant to 45C1, which would be remote testimony within 100 miles of the Kirkland's home, and testimony via zoom.gov would be within the 100 miles. It would be at their home, presumably, or wherever else they wanted to do it. So I'm not sure we need to get to the advisory notes, but if we do, that argument seems to be contrary to the notes of Rule 43, which I'll just read a couple of portions that I thought were particularly important. Quote, contemporaneous transmission of testimony from a different location is permitted only on showing good cause and compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the fact finder may exert a powerful force for truth telling. Transmission cannot be justified merely by a showing that it is inconvenient for the witness to attend the trial. And then it goes on to talk about how what we've done in our rules to deal with the situation of a witness who can't be compelled to trial is we do a deposition, present the deposition if they're too far to be subpoenaed. But so Rule 43 seems to clearly say our preference is in-person testimony. It always has been. Our sense of trials is that they're an in-person experience. And the exception is remote. And we have to have good cause beyond inconvenience of the witness. So how do we read those two together to say that now under 45, as long as it's remote, you can be anywhere and it doesn't matter? So Your Honor, the answer is there's a difference in date as to when Rule 43 and Rule 45 were amended. So Rule 43, I think the last amendment was, if I'm remembering correctly, 2007. But it was a stylistic change. The last substantive change, I believe, to 43 was in 1996. If you look at Rule 45, the last amendment, which was a substantive amendment, was 2013. And in that 2013 Advisory Committee note to the amendments on Rule 45C, which was a new subsection according to the Advisory Committee notes, it specifically had that one sentence in regards to the interplay between Rule 45 and Rule 43, saying that only if there is that 43A finding, then you can command compliance within the areas on 45C. And so the timing difference yields, because Rule 45, the amendment, specifically can consider that issue. It's specifically in the Advisory Committee notes. And it's the only sentence in the Advisory Committee notes as to Rule 45 or Rule 43 that talk about the interplay between those two rules. And it's something that the petitioners didn't cite in their petition. They talk about the importance of the Advisory Committee notes and they cite to Advisory Committee notes, but they leave out that one sentence that specifically talks about the interplay. And it's part of the 2013 amendments, which are the last amendments. And, Your Honor, in regards to the question as to what effect or mention as to what effect the Advisory Committee notes have, we did cite one case in the brief in regards to this circuit finding that the Advisory Committee notes have weight. There are other cases, the Republic of Ecuador case, 9th Circuit 2014, also cited to the Bonn v. Fortune 477 U.S. 2131, 1986, that specifically stood for the proposition that courts give the Advisory Committee notes, or it determines that the Advisory Committee notes are, quote, of weight. They're not determinative. This court has the ability to determine what the rules mean, but they have to be given weight. And if you came to a different conclusion as to what Rule 45 and Rule 43 say together as to the interplay that was contrary to that one sentence as to the interplay in the Advisory Committee notes, it wouldn't be giving weight to those Advisory Committee notes. It would be coming to a conclusion that was contrary to what the rule was intended to do and what the interplay was seen by the Advisory Committee. I mean, I have so many questions about that. This is a really fascinating question and a really fun case to work on. How does your reading of 45 not just eviscerate a geographical limitation? So Rule 45, I don't think—Rule 45 ordinarily stands for the proposition that you have the parties. From what I look—when I look at the rules, what it really comes down to that would allow remote testimony or not look at the restrictions as to, you know, the 100 miles, is really whether there's that 43A finding, good cause, compelling circumstances, and appropriate safeguards, the Rule 43A finding. And that's not a usual finding. There's no turning Rule 45 on its head by making a Rule 43A finding. It doesn't happen all the time. If your honors look at the decisions that have been rendered by district courts across the country, they don't race to say, these people have to appear by video, witnesses or parties, because there's no geographical restrictions anymore. Instead— Well, it seems like this bankruptcy court might be saying that. I mean, he says on the record, right, that COVID's been happening for a couple of years. We've done a bunch of things remote. I can't tell the difference. I'm just as satisfied with this way of doing business as the old way of doing business, so I'm good with it. But that's a—Your Honor, that's a practical statement. Here the court didn't just say, I'm going to allow you to subpoena pursuant to Rule 45. What the court did was it had a 43A finding. It found the good cause, the compelling circumstances, and the appropriate safeguards. It didn't just say Rule 45 means something else. It followed the rules. It followed the advisory committee notes to Rule 45 specifically stating that it could do this. And it followed the more recent decisions, like the 3M case, and then also the Walsh v. Terra case, which state that, you know, based in part on the advisory committee notes, this is specifically what you can do when you have a Rule 43A finding, when you find the good cause, compelling circumstances, and with appropriate safeguards. One thing I wanted to note for the court is, of all the cases that petitioners cite, you know, the Black Card case, the EpiPen case, the other cases that talk about the advisory committee notes and what they say, both in Rule 43 and Rule 45, none of those cases that I've looked at have any mention of that one sentence in the advisory committee notes to Rule 45 in the 2013 amendments. None of them reference that the advisory committee specifically said that here's what happens when there's interplay. Here's what happens when you have a Rule 43A finding. They cite to other portions. They don't cite that portion. And so they come to other conclusions, but I think they come to those other conclusions because they didn't notice that one sentence as to what happens with the interplay. And I suppose if we were to credit the advisory committee notes, if there were that strict geographical limitation, it wouldn't make sense to cross-reference 43A because a court would be without any power to order remote testimony for good cause and compelling reasons or of any kind. It would just be a black and white issue. That's if we agree with the advisory committee notes. Yeah, that's my understanding, Your Honor. And often it'll come up in terms of specific facts of the case as to, you know, someone evading compliance, having critical testimony, and then moving states. Other times, as in some of the decisions by various district courts, they did find it based on COVID and need to conduct civil trials during the pandemic. But more generally, it comes up in the context of specific circumstances. And where there are the specific circumstances, where there is a Rule 43A finding, the court has to find clear error in the bankruptcy court's finding that there was good cause, compelling circumstances, and with appropriate safeguards. And I don't think that's briefed at all. I don't think that there's any attempt to make a showing that there was any clear error or any error whatsoever in the court's Rule 43A finding. And the subpoenas were issued that the motions to quash were denied because we met the Rule 43A finding. The court found that. And the subpoenas were then pursuant to the interplay between Rule 43A and Rule 45C. Thank you for your helpful argument. Thank you, Your Honors. Mr. Fleischman, you still have some time? I'll try to be as quick as possible, but I agree with the Court's comment that this is a fascinating case. I think the way out of the Bauman factors mess is simply to use this Court's discretion to exercise supervisory mandamus, where the standard is just error rather than clear error. So I have a question about that. I think maybe our law has muddled this a little bit, but it seems like our most recent cases have just put supervisory mandamus within the Bauman factor analysis. And I guess the supervisory-specific considerations are Factor V. Do you disagree? I still think supervisory mandamus is a slightly different animal. It has its origins with the Supreme Court cases going back to the 1950s, where you say, look, this is an important issue affecting the administration of justice. There is Supreme Court precedent that says when you're looking at supervisory mandamus, the standard is error. And in this circuit, we've adopted a clear error standard under Bauman. So I'd urge the Court to follow those cases. But either way, clear error is when you misapply the plain language of a rule, of civil procedure. And we would strongly urge the Court to decide this issue now rather than after a trial necessitating a second trial. I mean, this issue was fully briefed by both sides. I did want to talk about Rule 43. Their interpretation of Rule 43 would eviscerate all the geographical limitations in Rule 45 and, as the Court pointed out, the Advisory Committee comments talk about when you have a witness outside of the subpoena power, you use a deposition transcript. Well, that presupposes someone could be outside the Court's subpoena power for remote testimony. In response to Judge Sanchez's question, you could still have remote testimony as long as the witness remains within the subpoena power of the Court or is voluntarily appearing. So you could have a witness, something came up at the last minute, they have to pick up a kid or something, I need to appear remotely. The Court would have discretion to do that. But within the geographical limitation you're saying? So there are two types of witnesses. You have voluntary witnesses and involuntary witnesses who have been subpoenaed. Rule 43 applies to both. So you have a voluntary witness and you just have the need to take testimony remotely. Or if you had an involuntary witness, it would only be within the Court's subpoena powers. And I would urge the Court to take a look at the Placard case, which coincidentally is out of Wyoming. And it goes through the Rule 43 Advisory Committee comments in great detail. As far as this one sentence in the Advisory Committee comment to Rule 45, no matter how many times you read it, all it says is the geographical limitations for remote testimony are the same as in-person testimony. It doesn't say what they're saying it says, which is there are no geographical limitations. All right, you're over your time. Any other questions from the bench? No, thank you. All right, you've got 10 seconds to wrap up. There was an 11th Circuit case I came across that provides a dictionary definition of attendance in 1925, and now I can't find the case. Oh, here it is. Managed Care Advisory Group 939F3rd 1145 and 1160. In 1925, attendance meant the act of attending, and attend meant be present at, citing the Oxford English Dictionary. And again, in 1937, the word was attendance rather than attend. Thank you, Your Honor. Thank you, Counsel, for your helpful argument. The case of Kirkland v. United States Bankruptcy Court is submitted, and the Court is in recess for the day. All rise. The Court for this session is adjourned.
judges: FORREST, SANCHEZ, Freudenthal